# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **M.L.**

**No. 15-1168** (Kanawha County 14-JA-193)

## MEMORANDUM DECISION

Petitioner Mother J.P., by counsel Edward L. Bullman, appeals the Circuit Court of Kanawha County's October 29, 2015, order terminating her parental rights to two-year-old M.L. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem, Sharon K. Childers, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating her parental rights without granting her an improvement period.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2014, the DHHR filed an abuse and neglect petition against petitioner, in which the DHHR alleged that she has failed to take medication to treat her bipolar disorder since giving birth to M.L., which resulted in anger management issues and hallucinations. Based upon this condition, the DHHR alleged that petitioner was unable to provide the child with necessary food, clothing, supervision, and housing. Following a preliminary hearing, the circuit court denied petitioner's motion for supervised visitation with M.L. However, in October of 2014, the circuit court granted petitioner supervised visitation on the condition that she continue to receive treatment for her mental health issues and continue to take her prescribed medication.

In January of 2015, the circuit court held an adjudicatory hearing, during which petitioner stipulated that her "mental health" issues interfered with her ability to properly parent M.L. The circuit court also granted petitioner's motions to continue her services and for additional visitation with M.L. Thereafter, in August of 2015, the circuit court held two dispositional hearings. The circuit court heard evidence of petitioner's history of failing to take her medication

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

to treat her bipolar disorder and hospitalizations since the initiation of the underlying proceedings. Further, testimony established that petitioner blamed others for her issues, willingly gave up her child, inconsistently participated in visitation and parenting classes, and that she was not able to parent her child. As such, the circuit court denied petitioner an improvement period and terminated her parental rights to M.L. This appeal follows.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, we find no error in the circuit court terminating petitioner's parental rights without granting her an improvement period.

Pursuant to West Virginia Code § 49-4-610, "[a] court may grant a respondent an improvement period . . . only when the respondent files a written motion . . . [and] demonstrates, by clear and convincing evidence, that the respondent is likely to fully participate[.]" In support of her assignment of error, petitioner alleges that she is entitled to an improvement period because she demonstrated her ability to maintain her mental health for several years and was trusted to care for her nieces and nephews. The record is devoid of any evidence that petitioner filed any motion for an improvement period.

Furthermore, our review of the record indicates that petitioner ignored substantial rebuttal evidence and that she failed to meet her burden of proof. The circuit court made several findings regarding petitioner's inability to satisfy this burden, including evidence of her failure to: (1) comply with services offered in the proceedings through disposition; (2) attend multiple court proceedings; (3) accept responsibility; and (4) receive parenting advice. Furthermore, despite her assertion that she was managing her mental health issues, the circuit court found that petitioner continued to exhibit erratic behavior during the underlying proceedings. For these reasons, petitioner failed to satisfy her burden of proof, and we find no error in the circuit court denying petitioner an improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 29, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: **May 23, 2016**


**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II